[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-11600
Non-Argument Calendar
_____

D.C. Docket No. 8:01-cr-00056-JSM-TBM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA BOYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 31, 2014)

Before CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Joshua Boyer, proceeding pro se, appeals the district court's denial in part of

his "Motion to Re-Open [his] Request to Expunge Criminal Records or for a Writ

of Mandamus."  The district court directed that a copy of its order be added to

Boyer's Bureau of Prison records, but the court did not order the BOP, which was not a party to the proceedings, to redact or expunge "certain government records."

In 2001 Boyer was convicted of drug distribution and firearm offenses and was sentenced to 288 months imprisonment. This Court affirmed his convictions and sentence in 2003. Nine years later, Boyer filed a pro se "Petition to Expunge Criminal Records or a Writ of Mandamus," alleging that, while he and his five codefendants were awaiting trial at the county jail in 2001, jail officials and the United States Marshals Service (USMS) received reports of an escape attempt by two of the codefendants. Boyer contended that he was not linked in any way to the escape attempt except as a codefendant of the two would-be escapees.

Boyer stated that during its investigation of the incident, the USMS made notations in his Individual Custody and Detention Report indicating that he was a participant in the escape attempt. The notations included the following: "violent escape plan involving Deputy United States Marshal as Hostage," "cuff key found in codefendant's cell," "let DUSM know when moved, black box," and "co-consp. claims to have outside help in escape."

Boyer argued that, even though the investigation had not linked him to any escape attempt, the USMS refused to update his records, and the notations included in his record adversely affected him. The government argued that Boyer's motion

2

did not present a case or controversy.  It attached a declaration by BOP case manager James Ebey, who admitted that the information at issue was in Boyer's BOP record but that it had "not been utilized to determine his custody classification level, nor ha[d] it been used to reflect a history and/or score of escape points."  Ebey stated that Boyer initially had been classified as a low security offender but that his disciplinary record had affected his custody classification score.  The district court denied as premature Boyer's petition to expunge, noting that he could "refile" if the contested information were used against him.

In February 2013 Boyer filed a "Motion to Re-Open [his] Request to Expunge Criminal Records or for a Writ of Mandamus," contending that the district court's earlier denial of relief was based on the government's submission of false and misleading information.  He asserted that his disciplinary history was not the primary factor affecting his custody classification score.  He stated that in November 2012 he turned 36, and his classification score was reduced by 2 points, qualifying him for transfer to a minimum security institution.  He claimed that the contested information in his record would adversely affect his eligibility for that transfer.  Boyer renewed his request for the information to be expunged from his record.  Along with his motion, Boyer filed a personal declaration about a meeting that he had with Ebey.  He declared that Ebey had admitted that his earlier

3

declaration was inaccurate and that the contested information had been used against Boyer and would be used against him again when he was considered for minimum security placement.

The district court appointed counsel for Boyer and held a hearing on his motion to re-open. Boyer was present at the hearing and Ebey testified. The district court's minutes state that the court decided to grant the motion "as discussed in open court," and the court directed Boyer's counsel to consult with the government and draft a proposed order.

The district court later entered an order denying Boyer's motion to the extent that it sought "redaction of certain government records" and granting it in part by directing the inclusion of a copy of the court's order in Boyer's BOP record. The court found:

> that there is contained in Boyer's prison records/file information regarding a handcuff key found in a co-defendant's cell; a violent escape plan involving a deputy United States Marshal as hostage; and that a co-conspirator claims to have outside help in escape. The Court having re-reviewed all of the information surrounding this matter finds that Boyer had nothing to do with any escape attempts of the co-defendants and neither did Boyer attempt to escape.

In this appeal of that order Boyer contends that the district court erred by directing the BOP to add clarifying information to his record instead of expunging the incorrect information. He also contends that the court should have granted the

4

oral motion he made during the evidentiary hearing requesting resentencing. The government responded with a motion for dismissal or for summary affirmance and for a stay of the briefing schedule.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969);[1] see also 11th Cir. R. 42-4. In this case, Boyer has not pointed to any error in the district court's order. Instead, he alleges that the BOP has not complied with the order and that it continues to rely on facts that the district court concluded were false. If the BOP is not complying with the order, that is a matter to be addressed directly with the BOP in either an administrative proceeding or an action against the BOP, but it is not a proper basis for challenging the district court's order.

As for Boyer's resentencing request, the district court had no authority to resentence him nearly a decade after his sentence became final. A district court may modify a sentence in three limited circumstances: (1) where the BOP has

_____

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Firth Circuit handed down before October 1, 1981.

filed a motion, and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, <u>see</u> 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, <u>see</u> <u>id.</u> § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was later lowered by the United States Sentencing Commission and certain other requirements are met, <u>see</u> <u>id.</u> § 3582(c)(2).  None of those circumstances were present here.

For these reasons, the government's motion for summary affirmance is **GRANTED** and the judgment of the district court is **AFFIRMED**.  The government's motion to stay the briefing schedule is **DENIED** as moot.